

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SA CV 12-1366-DOC (MLGx)                                   Date: November 14, 2012

Title: JOSE GARNICA V. FREMONT INVESTMENT & LOAN, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|      Julie Barrera      |      Not Present      |
|:-----------------------:|:---------------------:|
|     Courtroom Clerk     |     Court Reporter    |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                             NONE PRESENT

PROCEEDING (IN CHAMBERS): **ORDER GRANTING MOTION TO WITHDRAW, DISCHARGING ORDER TO SHOW CAUSE, AND DISMISSING CASE FOR FAILURE TO PROSECUTE**

After a hearing on November 5, 2012, at which Plaintiffs did not appear, this Court hereby discharges its Order To Show Cause (Dkt. 11), GRANTS the Motion Of Rowel Manasan To Withdraw As Attorney (Dkt. 10), DISMISSES this case for failure to prosecute, and DENIES AS MOOT a Motion To Dismiss filed by Defendants HSBC Bank, Mortgage Electronic Registration System, and Wells Fargo Bank (Dkt. 8).

**I. Legal Standard**

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." Local Rule 83-2.9.2.1. District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances. *See Thompson v. Special Enforcement, Inc.*, 2008 WL 4811404 (C.D. Cal. 2008). *See also Pedraza v. Alameda Unified School Dist.*, 2008 WL 482846 (N.D.Cal. 2008); *Whiting v. Lacara,* 187 F.3d 317 (2d Cir.1999). In determining how best to exercise that discretion, judges often look to the ABA Model Rules of Professional Responsibility, as well as the state's Professional Responsibility Rules for guidance, although the Rules, in and of themselves, do not mandate that the Court to take any particular action. *See Whiting, 187 F.3d at 321*.

ABA Model Rule 1.16 contemplates withdrawal in instances where "the client fails substantially to fulfill an obligation to the lawyer." In addition, the Rule contemplates withdrawal in

instances where "the representation will result in an unreasonable financial burden on the lawyer." *Id. See also* Cal. Rule of Prof. Conduct 3-700(C) (failure to pay for legal services can constitute grounds for attorney withdrawal).

## II. Discussion

On September 28, 2012, Manasan Law Group, Counsel for Plaintiffs, filed a Motion To Withdraw (Dkt. 10). Rowel Manasan, the principal attorney for Manasan Law Group, represented that Plaintiffs called on September 1, 2012, to request that the firm withdraw from the case. Manasan Decl. ¶8 (Dkt. 10-1). Manasan Law Group then sent Plaintiffs all papers in this case, along with a substitution of counsel form. *Id.* at ¶9; Mot. To Withdraw 3. Manasan states that attempts to communicate with Plaintiffs have been ignored. Manasan Decl. at ¶10.

Manasan Law Group had previously sent a substitution of attorney form to Plaintiffs on August 2, 2012. *Id*. at ¶ 5. Plaintiffs had failed to pay an outstanding balance on the retainer agreement, as well as fees for work in July and August. *Id.* at ¶2. Based on the representations that Plaintiffs did not communicate with their counsel, or make payments, or substitute counsel after requesting that the firm withdraw, this Court ordered Plaintiffs to show cause why the Motion To Withdraw should not be granted, and to show cause why the case should not be dismissed for failure to prosecute. The Court ordered Manasan Law Group to serve Plaintiffs with the Order To Show Cause. Plaintiffs did not attend the November 5, 2012, hearing, did not substitute counsel, communicate with counsel, or contest that they have not paid their counsel.

## III. Conclusion

Given these uncontested representations from Plaintiffs' counsel, and the fact that Plaintiffs have not indicated in any manner that they remain interested in pursuing this litigation, the Court GRANTS the Motion To Withdraw, DISMISSES this case for failure to prosecute, and DENIES AS MOOT Defendants' Motion To Dismiss. The Order To Show Cause is hereby discharged.

The Clerk shall serve this minute order on all parties to the action.